# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                 Case No.    08-C-260

CARLOS GAMEZ,

    Defendant.

## ORDER

On March 24, 2008, Carlos A. Gamez filed this motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255, asserting that he received ineffective assistance of counsel. Gamez was previously convicted on his plea of guilty of Conspiracy to Distribute 500 grams or more of Cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846, and of Possession of a Firearm in Relation to a Drug Trafficking Offense, contrary to 18 U.S.C. § 924(c). The conspiracy count carried a mandatory minimum sentence of five years and a maximum of forty years. The Possession of a Firearm in Relation to Drug Trafficking carried a mandatory minimum five years and a maximum of life, consecutive to the conspiracy count. Because Gamez provided substantial assistance to the Government, the Government filed a motion for a sentence reduction and Gamez was sentenced to twenty-seven months on Count 1 and a consecutive sixty months on Count 2, for a total of eighty-seven months.

Notwithstanding the fact that the sentence imposed on Count One was below the mandatory minimum, Gamez claims that his attorney provided ineffective assistance by failing to follow his

instructions that she file a Notice of Appeal. Gamez's motion was based upon not only his own allegations, but also an affidavit submitted by his wife, who claimed to have been present during the conversation. In response to the motion, the court held an evidentiary hearing on June 20, 2008. Based upon the testimony presented at the hearing, the court now concludes that Gamez has failed to establish that his attorney provided ineffective assistance of counsel. Specifically, I find from the evidence that Gamez at no time instructed his attorney to file a Notice of Appeal on his behalf.

In reaching this conclusion, I have considered the testimony of the witnesses, as well as the surrounding circumstances. Gamez claims that he instructed his attorney to file a Notice of Appeal immediately after the sentencing. His attorney acknowledges that there was discussion of the appeal at that time, but that she told him that she did not see grounds for an appeal. She indicated that if he wished to appeal, she would in fact file the notice but asked that he think about it and let her know. Despite the fact that Gamez had previously written to his attorney on numerous occasions during the pendency of the case, he sent no letter requesting that she file a Notice of Appeal.

Although it appears that his wife called the attorney's office several times thereafter, Gamez's attorney indicated that at no time was there a message left that she should file a Notice of Appeal on his behalf. In this regard, it is significant to note that sentencing in this case occurred on June 8, 2006 with Judgment being entered on June 13, 2006. Yet, not only did Gamez fail to write to his attorney requesting information concerning the status of his appeal, but he did not even file his § 2255 motion until March 24, 2008, almost two years later. In addition, Gamez's attorney, who has over twenty-eight years of experience in criminal defense work both at the state and the federal level, testified unequivocally that at no time did Gamez or anyone on his behalf instruct her to file a Notice of Appeal. She indicated a clear understanding of her responsibilities as attorney for a

2

defendant to file such an appeal where such a request is made. Based upon all of these circumstances, the court finds her testimony more credible than that of Gamez or his wife. Accordingly, the court concludes that no such request was made and Gamez has failed to establish ineffective assistance of counsel. The petition will therefore be denied and the clerk is instructed to enter judgment accordingly.

**SO ORDERED** this   26th   day of June, 2008.

> s/ William C. Griesbach
> William C. Griesbach
> United States District Judge